IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| YOLANDA WILLIAMS, | } |
| Plaintiff, | } |
| v. | } CIVIL ACTION NO. |
| | } CV-01-AR-2326-S |
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA, et al., | } |
| Defendants. | } |

### MEMORANDUM OPINION

The court has before it the amended motion filed by defendants, The Board of Trustees of the University of Alabama ("UAB"), and Michael LeBeau ("LeBeau"), seeking a dismissal of the action filed against them by plaintiff, Yolanda Williams ("Williams"). Defendants invoke both Rule 12(b)(6), F.R.Civ.P., and, in the alternative, Rule 56, F.R.Civ.P.

In the prerequisite EEOC charge that preceded the filing of her complaint, Williams, who is black, complained of her termination by UAB, alleging that it was the culmination of sexual harassment by LeBeau, her white male supervisor, and that she was "being discriminated against because of my race, Black, my sex, Female, and in retaliation for filing a grievance of sexual harassment against my employer in violation of Title VII of the Civil Rights Act of 1964, as amended, and my presumed disability in violation of the Americans With Disabilities Act of 1990".

The EEOC dismissed Williams's charge by saying:



> The facts you allege fail to state a claim under any of
> the statutes enforced by the Commission.

Nevertheless, the EEOC granted Williams the right to sue. In this court she invokes Title VII against UAB and §1983 against LeBeau. She appends state law claims of invasion of privacy and assault and battery against both defendants.

The court assumes that the claims Williams made of race discrimination and of violations of the Americans With Disabilities Act to the EEOC have both been abandoned. They will not be addressed.

The EEOC's conclusion that Williams fails to state a claim within the prohibitions of any civil rights act is, of course, not binding on this court, but the court agrees with the EEOC, as *amicus curiae*, that Williams's claims are pretty thin and conclusory, particularly in view of the affirmative defenses presented by UAB under *Faragher v. City of Boca Raton*, 529 U.S. 775 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). Although the conduct of LeBeau, as alleged by Williams and as necessarily deemed to be true for the purposes of his qualified immunity defense, may be borderline as to whether they violate any clearly established federal right of which a reasonable person would know (male-female contact in the workplace being a perennial source of joy and sorrow), the court does not think that qualified immunity at this juncture is an absolute defense for LeBeau. If LeBeau appeals from this conclusion, as he has a right to do, the court will stay the entire case pending an appellate determination

of whether he enjoys immunity from §1983 liability under the circumstances alleged. Such an appeal would also give additional time within which to obtain the Eleventh Circuit's instruction anticipated in UAB's pending appeal from this court in *Downing v. Board of Trustees*, CV-98-AR-2172-S, wherein UAB asserts, as it does here, Eleventh Amendment immunity from Williams's claim of retaliation.

An appropriate order will be entered.

DONE this 28th day of February, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE